IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-66,227-01, WR-66,227-02, WR-66,227-03






EX PARTE JESSIE LOVELL MATLOCK, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 296-85532-05, 296-82252-05, AND 296-82000-05


IN THE 296TH DISTRICT COURT FROM COLLIN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of
controlled substance and sentenced to five (5) years' imprisonment as to Cause Numbers 296-85532-05 and 296-82252-05, and six (6) months' imprisonment as to Cause Number 296-82000-05. He
did not appeal his convictions.

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to investigate and discover that the drug free zone allegation in Cause Numbers 296-85532-05
and 296-82252-05 was invalid. Applicant also contends that the convictions in Cause Numbers 296-85532-05 and 296-82000-05 were obtained in violation of the prohibition against double jeopardy
because they were based on the same conduct.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection
and court records. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make findings of fact as to whether any of these convictions violated the
prohibition against double jeopardy. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
the plea papers and all affidavits and interrogatories or the transcription of the court reporter's notes
from any hearing or deposition, along with the trial court's supplemental findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court. 



Filed: December 13, 2006

Do not publish